IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:09CV21-03-MU

| | |
|---|---|
| MARK RAYMOND COFFELT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| SHERIFF KEITH LOVIN; OFFICE REX ) | |
| CABLE, OFFICER DILLAN HOPPER ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed March 19, 2008. (Document No. 1.)

Plaintiff alleges that on or about November 19, 2008 after arguing with Defendant Officer Rex Cable he was handcuffed and taken to a holding cell. Once in the holding cell, Defendant Rex removed the cuffs and slammed Plaintiff to the floor. Defendant Officer Hoper came into the room and instructed Officer Cable to place Plaintiff in the restraint chair. Plaintiff alleges that Defendants made the straps so tight on his wrists that his hands turned purple. He contends that the straps were so tight on his ankles that his ankles were numb by the time the toe straps were removed and the straps were so tight around his stomach that he could hardly breath. Plaintiff contends that as a result of the excessive force used against him by Defendants, he had a blown blood vessel in his left eye and injured his right knee and experienced mental anguish.

**Sheriff Keith Lovin**

Although Sheriff Lovin is named as a Defendant to this matter, Plaintiff does not allege that

1

he was involved in the excessive force or even that he knew about it. Because Plaintiff does not specifically allege that Sheriff Lovin was in any way involved in the assault against him, or knew about the alleged excessive force by Officers Cable and Hooper, there is no valid cause of action against Sheriff Lovin and he is dismissed from the case. Moreover, the doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

**Officers Cable and Hooper**

When officials are accused of using excessive force, the proper inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973)). In addition, a plaintiff alleging an excessive force claim is also required to allege something more than a de minimus injury. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994).

A plaintiff cannot merely rely on "conclusory allegations" and "must present more than naked allegations" to survive dismissal. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1989) and Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). While a state may not hold and physically punish an individual except in accordance with due process of law, there is a de minimis level of force with which the Constitution is not concerned. Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir. 1997) (holding that a pretrial detainee claiming excessive force must show more than a de minimis injury). Taking all of Plaintiff's allegations as true, the "excessive force" he describes in his Complaint does not rise to the level of a Constitutional claim because he does not allege anything more than a de

2

minimis injury as is required.[1] Plaintiff has not stated a constitutional claim, therefore his claim must be dismissed.

**SO ORDERED**.

Signed: April 1, 2009

Graham C. Mullen
United States District Judge

---

[1] Plaintiff alleges that his right knee was injured and he blew a blood vessel in his eye as a result of the excessive force used against him. (Complaint at 6.)